## CIRCUIT COURT OF FAIRFAX COUNTY

Mir

v.

Robert Burkett

May 10, 2000

Case No. (Law) 184728

BY JUDGE JONATHAN C. THACHER

This case came before the Court on February 25, 2000, on Plaintiff's Motion to Amend the Motion for Judgment to correct a misnomer. The motion to amend is denied, and the Court finds that the failure of Plaintiff to file suit against Robert King within the statute of limitations period is fatal to Plaintiff's case.

Plaintiff filed the original lawsuit (L174660) against Robert Burkett within the statutory period of two years and nonsuited the case prior to service on Defendant, again within the one-year requirement of Rule 3:3. Plaintiff filed this lawsuit against the same Defendant, Robert Burkett, within the six-month period prescribed by Va. Code § 8.01-229(E) and made a motion to amend the named Defendant from Robert Burkett to Robert King.

The Court finds Va. Code § 8.01-6 controlling. The statute allows the amended pleading to be related back to the original pleading if (i) the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence set forth in the original pleading, and (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, providing that party received notice of the institution of the action and would not be prejudiced in maintaining a defense on the merits and (iii) that he knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him. Clearly, the amended pleading arose out of the same conduct, transaction,

or occurrence set forth in the original action. Plaintiff's Amended Motion for Judgment does not relate back because it fails to meet the second condition. The party to be added must have received notice of the commencement of the suit prior to the expiration of the statute of limitations against that party. No evidence was introduced to prove the correct defendant, Mr. Robert King, had notice of the lawsuit. Likewise, no evidence was introduced to show that Mr. King knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him. Plaintiff's affidavit will not take the place of evidence that can be rebutted by cross-examination. Therefore, the savings provisions of § 8.01-6 is not available to the Plaintiff because they have failed to present any evidence that would-be defendant Robert King knew of the institution of the suit or that he knew or should have known he was the proper party.